UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO M. THOMAS, | Case No.: 3:23-cv-00147-MMD-CSD |
| Plaintiff | **ORDER** |
| v. | Re: ECF No. 8 |
| PEPPERMILL CASINO RESORT, et al., | |
| Defendants | |

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), was granted *in forma pauperis* status for an inmate, and he has filed a pro se amended complaint (ECF No. 8), which the court now screens. For the reasons set forth below, the amended complaint is dismissed, but Plaintiff will be given one final attempt to cure the deficiencies of his pleading.

**I. SCREENING**

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues the Peppermill Casino Resort and John Doe Peppermill security officers under 42 U.S.C. § 1983. He alleges that the officers used excessive force against him in violation of the Fourth Amendment when he was escorted off the property as a trespasser.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff does not allege that the Peppermill Casino Resort or the John Doe security officers were acting under color of state law so as to be subject to liability under section 1983.

"A private entity can, in certain circumstances, be subject to liability under section 1983." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). A plaintiff must show, with respect to the private entity, that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "The Supreme Court has articulated four tests for determine whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test;

3

(3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 432, 444-45 (9th Cir. 2002).

The Ninth Circuit has found a casino and its private security officers to be state actors under the joint action test under certain circumstances. The joint action test asks "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quotation marks and citation omitted). In that case, the Ninth Circuit found Tsao was a state actor because it had a "system of cooperation and interdependence with the LVMPD" and the Desert Palace's security officers had "authority, normally reserved to the state, to issue a citation to appear in court for the crime of misdemeanor trespassing" if they take a training course by the LVMPD and those citations are "no different from those issued by police officers[.]" *Id.*; *see also Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action.").

In addition, like a municipality, to be liable under section 1983 Plaintiff must include *factual* allegations that an official policy, custom, or practice of the Peppermill Casino Resort was the cause of the alleged deprivation of his constitutional rights. *Gordon v. County of Orange*, 888 F.3d 118, 125-26 (9th Cir. 2018); *see also Tsao*, 698 F.3d at 1143 (applying *Monell* municipal liability requirements to constitutional claim against casino alleged to be a state actor).

Plaintiff does not include any allegations that demonstrate the Peppermill Casino Resort or the John Doe security officers were state actors. Nor does he include allegations to hold the Peppermill Casino Resort liable under *Monell*. Therefore, his amended complaint will be dismissed, but he will be given one final opportunity to amend to attempt to state a claim.

## II. CONCLUSION

Plaintiff's amended complaint (ECF No. 8) is **DISMISSED**; however, Plaintiff has **30 days** from the date of this Order to file a second amended complaint correct the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the second amended complaint will no longer be before the court. Plaintiff shall clearly indicate on the amended pleading that it is the second amended complaint. If Plaintiff fails to file a second amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: August 11, 2023

_____
Craig S. Denney
United States Magistrate Judge

5