**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTONIO M. THOMAS,<br><br>    Plaintiff<br><br>v.<br><br>PEPPERMILL CASINO RESORT, et al.<br><br>    Defendants | Case No.: 3:23-cv-00147-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 12, 13 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that this action be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff, who is an inmate incarcerated within the Nevada Department of Corrections (NDOC), filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) The court granted Plaintiff's IFP application, requiring him to pay the $350 filing fee over time, and dismissed his original complaint with leave to amend. (ECF No. 6.)

Plaintiff filed a first amended complaint. (ECF No. 8.) The court screened the amended complaint. (ECF No. 9.) Plaintiff sued the Peppermill Casino Resort and John Doe Peppermill security officers under 42 U.S.C. § 1983. He alleged that officers used excessive force against him in violation of the Fourth Amendment when he was escorted off the property as a trespasser. The court advised Plaintiff that to state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under color of state law. Plaintiff did not

allege that the Peppermill Casino Resort or the John Doe security officers were acting under state law to be subject to liability under section 1983.

The court explained to Plaintiff that a private entity can, in some circumstances,, be subject to liability under section 1983, and that the Ninth Circuit has found a casino and its private security officers to be state actors under the joint action test under certain circumstances. In *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012), the Ninth Circuit found Tsao was a state actor because it had a "system of cooperation and interdependence with the LVMPD" and the Desert Palace's security officers had "authority, normally reserved to the state, to issue a citation to appear in court for the crime of misdemeanor trespassing" if they take a training course by the LVMPD and those citations are "no different from those issued by police officers." *Tsao*, 698 F.3d at 1140. In addition, like a municipality, to be liable under section 1983, Plaintiff must include *factual* allegations that an official policy, custom or practice of the Peppermill Casino Resort was the cause of the alleged deprivation of his constitutional rights. *Gordon v. County of Orange*, 888 F.3d 118, 125-26 (9th Cir. 2018); *Tsao*, 698 F.3d at 1143 (applying municipal liability requirements to constitutional claim against a casino to be a state actor).

Plaintiff's amended complaint did not include allegations that demonstrate Peppermill Casino Resort or the John Doe security officers were state actors, or allegations to hold Peppermill Casino Resort liable under a municipal theory of liability. Therefore, the court dismissed the amended complaint, but the court gave Plaintiff one final opportunity to amend to attempt to state a claim. The court gave Plaintiff 30 days to file his second amended complaint. (ECF No. 9.)

Plaintiff filed a second amended complaint (ECF No. 13) and then filed another second amended complaint (ECF No. 13) with some additional details filled in. The court will treat the

later filed second amended complaint (ECF No. 13) as the operative pleading and the court will now screen the second amended complaint.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Second Amended Complaint**

When Plaintiff lists out the defendants in his second amended complaint, he names the Peppermill Casino and Resort and includes boilerplate language taken either from *Tsao* or the court's prior order that the Peppermill Casino Resort can legally detain people on its property in a system of cooperation and interdependence with RPD (presumably referring to the Reno Police Department), and can issue a citation to appear in court for the crime of misdemeanor trespassing that is no different from those issued by police officers. He again also sues John Doe Peppermill

security officers, and he generally asserts they acted under color of law. As far as substantive allegations, Plaintiff avers again that on April 7, 2022, he was assaulted by security staff at the Peppermill Casino Report. He claims he had been informed he had previously been trespassed from the property and should not be on premises. Plaintiff asserts that according to their procedure, they cannot force a person out for trespassing until the third violation. When a security guard tried to detain Plaintiff, Plaintiff asked him to not touch him, and when he tried to detain Plaintiff, Plaintiff pushed him away and began to law. After he ran away, he claims he was confronted by another security guard and was assaulted.

Plaintiff includes no *factual* allegations to demonstrate that Peppermill Resort Casino or its John Doe security guards were acting under color of state law. While he includes boilerplate language from *Tsao*, he does not allege that he was detained pursuant to any system of cooperation with the Reno Police Department or that the Peppermill security guards issued any citation in this instance. Absent allegations of state action, Plaintiff does not state a claim under section 1983. As Plaintiff has already been given an opportunity to amend, this action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 9, 2024

_____
Craig S. Denney
United States Magistrate Judge