UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ANTONIO M. THOMAS, | Case No. 3:23-cv-00147-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| PEPPERMILL CASINO/RESORT, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Antonio Thomas filed a complaint under 42 U.S.C. § 1983, alleging that Peppermill Casino Resort ("Peppermill") and John Doe Peppermill security officers violated his civil rights. (ECF No. 1-1.) The Court granted his application to proceed *in forma pauperis* ("IFP") and dismissed his original complaint with leave to amend. (ECF No. 6.) Thomas filed a first amended complaint. (ECF No. 8 ("FAC").) The Court also dismissed Plaintiff's FAC, finding he failed to demonstrate that Defendants were state actors or that Peppermill could be liable under a municipal theory of liability, as required to state a claim under Section 1983. (ECF No. 9.) The Court gave Plaintiff a final opportunity to amend. (*Id.*) Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, screening Plaintiff's second amended complaint (ECF No. 113 ("SAC"))[1] and recommending dismissal with prejudice. (ECF No. 17.) Objections to the R&R were due January 23, 2024. (*See id.*) To date, Thomas has not objected to the R&R. For this reason, and as further explained below, the Court will adopt the R&R in full and dismiss this action with prejudice.

///

---

[1] Plaintiff filed a second amended complaint (ECF No. 12), and then filed another second amended complaint (ECF No. 13) with additional details. The Court treats the later filing (ECF No. 13) as the operative SAC.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). Judge Denney screens the SAC under 28 U.S.C. § 1915A. A complaint in an IFP action is subject to dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii); Fed. R. Civ. Pro. 12(b)(6). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). As the Court noted in its FAC screening order (ECF No. 9), the Ninth Circuit has found that while relief under Section 1983 generally requires a violation of a plaintiff's rights by a person acting under color of state law, private entities like casinos and their security officers may be liable under specific circumstances involving significant cooperation with public entities. (*Id.* at 3-4.) *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) (applying a joint action test to ask "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights").

Here, Judge Denney recommends dismissal because Plaintiff's SAC, like his FAC, does not include allegations demonstrating that Peppermill or its security officers were state actors or that they could be found liable under a municipal theory of liability. (ECF No. 17 at 4-5.) Judge Denney notes that Plaintiff includes only boilerplate language from *Tsao* to refer to cooperation between the Reno Police Department and the Peppermill and its security guards. (*Id.*) And Thomas does not present specific factual allegations to indicate Defendants were acting under color of state law at the time Plaintiff was detained. (*Id.*) *See Gordon v. County of Orange*, 888 F.3d 118, 125-26 (9th Cir. 2018). Because Plaintiff fails to state a claim even when construing all allegations in the SAC in his favor, the Court agrees with Judge Denney that dismissal is warranted. And because Plaintiff has now had two opportunities to amend, dismissal with prejudice is appropriate.

1 | It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 17) is accepted and adopted in full.

It is further ordered that Plaintiff's second amended complaint (ECF No. 13) is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of February 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE